**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
SPIRIT LOCKER, INC.                                                                **MEMORANDUM**
                           Plaintiff,                             **AND ORDER**

            - against -                                             09-CV-1582 (JG) (JO)

EVO DIRECT, LLC,

                           Defendant.
-------------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Attorneys Jonathan Shub ("Shub") and Scott A. George ("George") are attorneys admitted to practice in states other than New York, but neither is admitted to practice before this court and neither, apparently, is currently eligible for such admission pursuant to Local Civil Rule 1.3(a). Each now seeks to be admitted *pro hac vice* to appear on behalf of the plaintiff in the instant case pursuant to Local Civil Rule 1.3(c). For the reasons set forth below, I deny the motion without prejudice to renewal upon a showing that such admission is appropriate under the circumstances.

       Shub and George both practice law in Pennsylvania at the law firm of Seeger Weiss, LLP; Shub is a partner in the firm, and George an associate. Both attorneys have recently made successful applications for admission *pro hac vice* in at least two other cases in this district in the past four months. *See Evans v. Canon USA, Inc.*, docket number 08-CV-4329 (TCP) (WDW), Orders dated February 9, 2009; *Ramirez v. iBasis, Inc.*, docket number 08-CV-5125 (KAM) (JMA), Orders dated April 29 and May 21, 2009. It appears that both Shub and George regularly engage in the practice of law in this district (as well as in the Southern District of New York, in which Shub was granted admission *pro hac vice* in 2007, and in which George was granted similar admission in 2008). Yet by virtue of the fact that each seeks and obtains the right to

appear *pro hac vice* rather than taking the steps necessary to join the bar of this court, Shub and George remain immune to much of the disciplinary oversight to which their colleagues are subjected. *See* Loc. Civ. R. 1.5(b)-(c) (differentiating between members of the bar of this court and others for purposes of defining the grounds for discipline and the types of discipline or other relief available).

This court routinely grants attorneys who practice elsewhere the courtesy of representing clients who find themselves involved in litigation in this court. But "[a]dmission *pro hac vice* is by definition, at most, admission for a single proceeding." *In re Rappaport*, 558 F.2d 87, 88 n.1 (2d Cir. 1977). It is a privilege rather than a right, *see Leis v. Flynt*, 439 U.S. 438, 441-42 (1979), and one that should not be abused. If Shub and George intend to continue representing clients in this court, each can and should be admitted to our bar upon satisfaction of the applicable eligibility requirements. If, on the other hand, each can demonstrate that his recent applications for admission *pro hac vice* represent an aberration in his normal practice, and that he does not anticipate making future similar applications on a routine basis, and if each submits a certificate of good standing from each state in which he is a member of the bar,[1] then I will of course grant each the same courtesy that is routinely afforded to out-of-state counsel in their occasional visits to this district.

---

[1] In making their applications for admission *pro hac vice*, both Shub and George submitted certificates of good standing from the Commonwealth of Pennsylvania. I note, however, that each is also admitted in an additional state – Shub in California, and George in New Jersey. *See* Seeger Weiss, LLP, http://www.seegerweiss.com/Attorneys/Jonathan-Shub-Partners-E65.html; *id*. http://www.seegerweiss.com/Attorneys/Scott-Alan-George-Associates-E70.html (both last visited May 21, 2009). Local Civil Rule 1.3(c) requires an attorney seeking admission *pro hac vice* to submit a certificate of good standing from "each of the states in which the applicant is a member of the bar[.]" Accordingly, if either movant seeks to renew his application, he should submit the appropriate certification from each state in which he is admitted to practice.

Accordingly, for the reasons set forth above, I deny the applications of attorneys Jonathan Shub and Scott A. George to appear *pro hac vice* in this matter, without prejudice to renewal.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 21, 2009

                                      /s/ James Orenstein
                                      JAMES ORENSTEIN
                                      U.S. Magistrate Judge